Matter of Hogan v Department of Corr. & Community Supervision (2025 NY Slip Op 00503)

Matter of Hogan v Department of Corr. & Community Supervision

2025 NY Slip Op 00503

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-23-1299
[*1]In the Matter of John Hogan, Appellant,
v
Department of Corrections and Community Supervision, Respondent.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

John Hogan, Sonyea, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), entered May 10, 2023 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent computing petitioner's prison sentence.
In 1997, petitioner was convicted of rape in the first degree, rape in the second degree, four counts of sodomy in the first degree, four counts of sodomy in the second degree and two counts of sexual abuse in the first degree. As petitioner's crimes were committed during three separate incidents, the indeterminate prison sentences imposed were separated into three groups based upon each incident, with each sentencing group to run consecutively to the others: (1) 2½ to 5 years on each count of sexual abuse in the first degree, to run concurrently; (2) two sentences of 10 to 20 years for rape in the first degree and one count of sodomy in the first degree, and two sentences of 3½ to 7 years for rape in the second degree and one count of sodomy in the second degree, to all run concurrently to each other; and (3) 10 to 20 years on the remaining three counts of sodomy in the first degree and 3½ to 7 years on the remaining three counts of sodomy in the second degree, to run concurrently to each other. Respondent thereafter calculated petitioner's aggregate sentence to be 22½ to 45 years in prison. Petitioner commenced this CPLR article 78 proceeding asserting that his aggregate maximum term must be modified downward to 40 years pursuant to Penal Law § 70.30 (1) (e) (iv). Supreme Court dismissed the petition on the merits, and this appeal ensued.
We affirm. Contrary to petitioner's arguments, he is not entitled to a reduction of his aggregate sentence pursuant to Penal Law § 70.30 (1) (e) (iv), as that subsection is applicable to aggregate sentences "imposed for the conviction of two violent felony offenses committed prior to the time the person was imprisoned . . . and one of which is a class B violent felony offense." As is relevant here, Penal Law § 70.30 (1) (e) (vi) provides that, notwithstanding subsection (iv), "the aggregate maximum term of consecutive sentences, all of which are indeterminate or all of which are determinate sentences, imposed for the conviction of three or more violent felony offenses committed prior to the time the person was imprisoned under any of such sentences and one of which is a class B violent felony offense, shall, if it exceeds [50] years, be deemed to be [50] years" (emphasis added). Here, petitioner was sentenced to indeterminate sentences upon all of his 12 convictions, 7 of which were violent felonies, of which 5 were class B violent felonies (see Penal Law former §§ 130.30, 130.35 [1]; 130.45, 130.50 [1]; 130.65 [1]). Although the sentences within each sentencing group ran concurrently to one another — as each group reflected a separate incident — the sentencing groups ran consecutively to each other. Accordingly, Penal Law § 70.30 (1) (e) (vi[*2]) is applicable and, as petitioner's maximum aggregate term is under 50 years, respondent did not err in its calculations of petitioner's prison sentence and Supreme Court properly dismissed the petition (see Matter of Thomas v Department of Corr. & Community Supervision, 110 AD3d 1409, 1410 [3d Dept 2013], appeal dismissed 22 NY3d 1050 [2014]).
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.